UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-81138-CIV-MIDDLEBROOKS/JOHNSON

ADAMS PARTNERS, INC., and
JAMES A. ADAMS,

    Plaintiffs,

vs.

BENTLEY MOTORS, INC., PALM BEACH
IMPORTS, INC., d/b/a BRAMAN
MOTORCARS, VW CREDIT LEASING,
LTD., and VW CREDIT, INC., d/b/a
BENTLEY FINANCIAL SERVICES,

    Defendants.          /

## ORDER

THIS CAUSE comes before the Court upon Defendants, Volkswagen Credit, Inc., and Volkswagen Credit Leasing Ltd's Motion to Dismiss Plaintiff's Amended Complaint (DE 33) filed on May 1, 2007. Plaintiff filed a Response in Opposition (DE 37) on May 21, 2007. I have reviewed the submissions in this matter and am fully informed in the premises.

This case involves Plaintiffs' allegations against Defendants which arise from Plaintiffs leasing a car which they allege is defective ("defective car"). The two defendants who have filed this motion are the lenders to whom Plaintiffs allege the lease was assigned, Defendants VW Credit Leasing Ltd. and VW Credit, Inc. ("lenders"). The lenders seek to have counts six, seven, and eight of Plaintiffs' complaint dismissed for failure to state a cause of action.

The lenders argues that Plaintiffs' claims for declaratory judgment, counts six and seven, should be dismissed where Plaintiffs have not demonstrated they are in doubt as to their rights, mainly relying on the fact that the lease is not ambiguous and therefore Plaintiffs cannot establish the doubt necessary for a declaratory judgment action. Instead, lenders argue Plaintiffs seek

revocation of acceptance, but mislabel it as a claim for declaratory relief because it would allow them a basis to request attorney's fees. As to count eight, lenders argue that Plaintiffs' claim for equitable rescission based on fraud cannot survive because Plaintiffs did not allege a cause of action for fraud against the lenders, or any fraudulent misrepresentations made to them by lenders. Plaintiffs respond that the two counts for declaratory judgments properly allege the required elements, mainly Plaintiffs allege that they are in doubt about their right under the lease to reject the defective car and terminate the lease. As to the equitable rescission count, Plaintiffs argue that it should not be dismissed because lenders are the present lessors to the lease Plaintiffs seek to have rescinded and therefore, the lenders are indispensable parties.

I begin by setting out the standard used to review a motion to dismiss. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). For the purpose of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). It is from this point that I begin my analysis of Defendants' Motion.

The lenders' argument that Plaintiffs "mere statement that [they] are in doubt of their rights is insufficient," is not sufficient to dismiss Plaintiffs' claims at this stage of the litigation. A claim for a declaratory judgment under the Florida Declaratory Judgment Act[1] requires a party plead that there is a bona fide adverse interest between the parties regarding a right, power, or privilege of the

---

[1] The parties do not dispute that Florida law is applicable to this diversity action.

plaintiff, that the plaintiff has a doubt about the existence of such right or privilege, and that the plaintiff is entitled to have the doubt removed. *See Floyd v. Guardian Life Ins. Co. of America*, 415 So.2d 103, 104 (Fla. 3d DCA 1982). The Amended Complaint alleges that

> 93. There exists a present controversy as to the enforceability of the Lease, the effect of the Plaintiffs' notice of non-acceptance of nonconforming goods prior to Lease execution, and the failure of any part to tender a vehicle conforming to the Lease. . . .
> 98. There exists a bona fide, actual, present and practical need for the declaration regarding the enforceability of the Lease, the effect of Plaintiffs' notice of non-acceptance of nonconforming goods prior to Lease execution, and the failure of any party to tender a vehicle conforming to the Lease.
> 99. Plaintiffs have an actual, present and adverse interest in the subject matter before the Court.
> 100. A decree and determination by the Court is necessary to determine the enforceability of the Lease and the effect of the parties' actions with respect thereto.
> 101. Plaintiffs are in doubt about their rights and obligations concerning Braman Motos, VW Credit and Bentley Financial Services' actions in light of the Lease.

Amended Complaint at pages 14-15. These are the allegations for count six. The allegations in count seven , which seeks a declaration that the lease is not valid because of misrepresentations made, are similar, with the addition of "[t]here exists a bona fide, actual, present and practical need for the declaration regarding the enforceability of the Lease and the effect of Braman Motorcars' misrepresentations and failures to disclose." Amended Complaint at page 16. While count seven's fraud allegation does not allege the Lenders made fraudulent statement, Plaintiffs argue the Lenders are proper parties to the count because under section 86.091, Florida Statutes, "all persons may be made parties who have or claim any interest which would be affected by the declaration." Lenders have been assigned the Lease that Plaintiffs seek to have declared invalid in count seven. Therefore, Plaintiffs argues they are parties who have a claim in the declaration sought.

3

As discussed above, for purposes of a motion to dismiss Plaintiffs' allegations are accepted as true and the complaint is construed in a light most favorable to the Plaintiffs. *See Hishon*, 467 U.S. at 73. Plaintiffs allege that they believe they were permitted to reject the defective car. Defendants have not cancelled the Lease or refunded Plaintiffs' payments. The lenders' conclusory statement that Plaintiffs' mere statement that they are in doubt is insufficient does not demonstrate that Plaintiffs have insufficiently plead a cause of action for a declaratory judgment. Plaintiffs sufficiently pleaded a cause of action for a declaratory judgment by pleading that they are in doubt as to their rights under the Lease, the parties have an adverse interest in this dispute, and Plaintiffs are entitled to have their doubt about the Lease resolved. *See Floyd*, 415 So.2d at 104.

The lenders argue that count eight, an action for equitable rescission, should be dismissed because Plaintiffs seek rescission of the Lease due to fraud or false representation but Plaintiffs did not allege any fraud or false representation made by Lenders. "In an action for rescission of a transaction, the parties to the transaction are indispensable." *Allman v. Wolfe*, 592 So.2d 1261, 1263 (Fla. 2d DCA 1992). The lenders cite *O'Neill v. Broadview, Inc.*, 112 So.2d 280 (Fla. 3d DCA 1959) in support of their position. *Broadview* is not applicable the instant facts. The court in *Broadview* was addressing a circuit court's decision to deny the plaintiff cancellation of a contract where plaintiff had not charged or proven fraud against the defendant. The decision being appealed was made after having heard testimony, not on a motion to dismiss. At this stage of the litigation, Plaintiffs' allegations are accepted as true. Plaintiffs have alleged the lenders are the lessors to the lease they seek rescission of. Based on the foregoing, I do not agree with Defendants that Plaintiffs have failed to state a cause of action for equitable rescission.

Accordingly, it is hereby

ORDERED and ADJUDGED that Defendants, Volkswagen Credit, Inc., and Volkswagen Credit Leasing Ltd's Motion to Dismiss Plaintiff's Amended Complaint (DE 33) is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 22nd day of June, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

copies to:     counsel of record